UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

UNITED STATES OF AMERICA                                                                    PLAINTIFF

v.                                          No. 2:24-cv-02015

$180,886 UNITED STATES CURRENCY                                                         DEFENDANT

## DEFAULT JUDGMENT OF FORFEITURE

This matter comes before the Court on the Motion for Default Judgment of Forfeiture (Doc. 16) filed by the United States of America. Finding that the relief sought by such motion has merit and should be granted, the Court further finds and adjudicates as follows:

1. The Complaint for Forfeiture *in Rem* in this matter was filed on January 31, 2024, alleging that the Defendant Property should be forfeited to the United States of America under 18 U.S.C. § 881(a)(6) as "1) money, negotiable instruments, securities and other things of value furnished and intended to be furnished in exchange for a controlled substance in violation of the Controlled Substances Act; 2) proceeds traceable to such an exchange; or 3) money, negotiable instruments, and securities used and intended to be used to facilitate a violation of the Controlled Substances Act. . . ." (Doc. 16, p. 1).

2. On February 1, 2024, Aryan Ibrahim, Redeer Haji, and Shapour Saberi, the only known potential claimants, were sent notice by certified mail under Rule G(4)(b) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions of the Federal Rules of Civil Procedure. *See* Docs. 4–6.

3. The notice informed Aryan Ibrahim, Redeer Haji, Shapour Saberi, and all other persons or entities, known or unknown, claiming an interest in the Defendant Property, that the Defendant Property had been arrested, that this civil forfeiture action was pending, and that they had at least

1

35 days from the date the notice was sent to file a verified claim and 21 days to file an answer after filing the claim. Further, for guidance in the preparation of a claim and answer, the notice referred any such persons or entities to Rule G(5) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, warning that if this Rule was not followed, a default judgment of forfeiture would be rendered.

    4. Aryan Ibrahim was served on February 5, 2024, as shown by the return receipt for the notice sent by certified mail. *See* Doc. 8-1.

    5. Redeer Haji was served on February 7, 2024, as shown by the return receipt for the notice sent by certified mail. *See* Doc. 10-1.

    6. Shapour Saberi did not accept service by certified mail, but he was personally served by the United States Marshals Service on March 11, 2024. *See* Doc. 11.

    7. Before serving the known potential claimants, the United States contacted an attorney who had previously represented the known potential claimants. (Doc. 16, p. 2). That attorney did not accept service for the claimants or enter his appearance in this case. *Id.*

    8. Additionally, in an effort to notify all unknown claimants of these proceedings, notice of this civil forfeiture action against the Defendant Property was published for 30 consecutive days on an official Government internet site (www.forfeiture.gov) beginning on May 10, 2024. (Doc. 13).

    9. The United States of America took all reasonable measures to ensure that Aryan Ibrahim, Redeer Haji, Shapour Saberi, and any other possible claimant received such notice in a timely fashion. To date, however, no person or entity has filed a verified claim contesting the forfeiture. Therefore, all possible claimants have been noticed and have failed to appear or otherwise defend their interests, and the United States of America is entitled to a judgment of

forfeiture without the necessity of any further notice to any other person or entity.

IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED AS FOLLOWS:

A. The United States' Motion for Default Judgment (Doc. 16) is GRANTED.

B. The United States of America is hereby given a judgment of forfeiture against the Defendant Property, and against the interest therein of Aryan Ibrahim, Redeer Haji, Shapour Saberi, and any and all persons or entities having or claiming an interest in the Defendant Property;

C. Title to the Defendant Property is hereby vested in the United States of America and any administrative claims or interests therein of any persons or entities, including Aryan Ibrahim, Redeer Haji, Shapour Saberi, are hereby cancelled; and

D. The Defendant Property is referred to the custody of the United States Marshal Service for disposition in accordance with all applicable laws and regulations.

IT IS SO ORDERED this 6th day of August, 2024.

/s/ P. K. Holmes, III
P.K. HOLMES, III
U.S. DISTRICT JUDGE